IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARY CREMEENS, individually and on ）
behalf of others similarly situated, ）
                                    ）
        PLAINTIFF, ）
                                    ）
v.                                  ）   CASE NO.: 2:08cv546-MEF
                                    ）
THE CITY OF MONTGOMERY, ）
                                    ） (WO- Do Not Publish)
        DEFENDANT. ）

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Facilitate Class Notice Pursuant to 29

U.S.C. § 216(b) filed on August 22, 2008 (Doc. # 14).

### BACKGROUND

Plaintiff Gary Cremeens ("Cremeens") filed this action against the Defendant City of

Montgomery ("the City") pursuant to 29 U.S.C. § 201, the Fair Labor Standards Act

(hereinafter "FLSA").  The City employed Cremeens as an Arson Investigator.  According

to Cremeens, the City had a policy of not paying overtime compensation to Arson

Investigators at the required rate of time and one-half until more than one hundred-twelve

(112) hours were worked during a pay period.  This policy was in effect throughout

Cremeens' employment with the City, and it is believed to still be in effect.  Cremeens

further contends that there are other similarly-situated individuals who were or are also

employed by the City as Arson Investigators.  Cremeens asks this Court to: (1) conditionally

certify this action as a collective action; (2) order the requested identification of potential opt-

ins; and (3) approve the proposed Notice of Lawsuit and Consent to Become a Party Plaintiff; authorize the issuance of notice to be mailed to all present and former Arson Investigators who worked for the City within the three years prior to the filing of the Complaint informing them of their rights to participate as opt-in plaintiffs in this action; and set a deadline by which Cremeens is required to file all Consents to Become a Party Plaintiff.

The City has filed a brief opposition to the motion.  In this submission, the City admits that former and present Lieutenants in the City of Montgomery's Fire Department's Division of Fire Investigations are similarly situated to Cremeens and the other individuals who have filed consents to become party plaintiffs: Lt. L. Coleman and Lt. A.D. Campbell.  The City argues that the proposed class of potential plaintiffs is limited to eleven and therefore joinder is not impracticable.  Additionally, the City argues that these employees are, however, all exempt from application of the requirements of mandatory time and a half pay because they are employees engaged in fire protection activities as defined in 29 U.S.C. § 203(y).

## DISCUSSION

Section 216(b) of the Fair Labor Standards Act authorizes a plaintiff seeking relief to bring a "collective action" on behalf of similarly situated persons subject to the requirement that any person who wishes to become a part of the collective action must file a written consent in the court in which such action is brought.  *See, e.g.,* 29 U.S.C. § 216(b); *Davis v. Charoen Pokphand (USA), Inc.,* 303 F. Supp. 2d 1272, 1274 (M.D. Ala. 2004).  A district court may in some circumstances facilitate notice to potential participants in the

2

collective action.  *See, e.g., Dybach v. Florida Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir. 1991); *Davis,* 303 F. Supp. 2d at 1275; *Horne v. United Servs. Auto Ass'n*, 279 F. Supp. 1231, 1233 (M.D. Ala. 2003).  "The power to authorize notice must, however, be exercised with discretion and only in appropriate cases."  *Horne*, 279 F. Supp. 2d at 1233 (citing *Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir.1983)).  Before intervening in the notice procedure,

> the district court should satisfy itself that there are other employees of the [employer (1)] who desire to "opt-in" and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions.

*Dybach,* 942 F.2d at 1567; *Davis*, 303 F. Supp. 2d at 1275.

Where, as here, there is sufficient evidence that other similarly-situated employees desire to "opt-in," a district court is authorized to conditionally certify a collective action and participate in notice to potential members of the action.  The Court is not aware of any authority that grafts the numerosity requirement of a Federal Rule of Civil Procedure 23 class action onto the requirements of a collective action such as the one Cremeens seeks.  Indeed, while this City argues that this numerosity requirement must be and is not met, it offers no legal authority whatsoever for this position.  On the basis of the record before it, the Court concludes that plaintiffs have carried their burden of demonstrating that other similarly-situated employees exist who desire to opt-in to the collective action proposed by Plaintiffs.

In opposing Plaintiffs' motion, the City has not argued that there are not other employees who desire to opt-in; nor has it argued that the potential opt-ins are not similarly

3

situated with respect to their job requirements and with regard to their pay provisions. Instead, the City essentially argues that such certification would be a waste of time because neither Cremeens, nor the putative opt-ins can establish a violation of the FLSA. The City has cited no legal authority whatsoever in support of its implicit contention that this is an appropriate ground for challenging a motion for conditional certification of a collective action. Indeed, as this Court has previously explained, "the class-notification stage is not the time to resolve the merits of an FLSA suit." *Davis,* 303 F. Supp. 2d at 1277 n.6. Moreover, the City's arguments have not persuaded the Court that this is a case in which conditional certification and notice are inappropriate.

Accordingly, the Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) (Doc. # 14) filed on August 22, 2008 (Doc. # 14) is due to be GRANTED. It is hereby ORDERED as follows:

(1) the Motion to Facilitate Class Notice Pursuant to 29 U.S.C. § 216(b) (Doc. # 14) is GRANTED and this case is CONDITIONALLY CERTIFIED as a collective action.

(2) The City is DIRECTED to furnish to Cremeens immediately, if it has not already done so, the names and addresses of all members of the conditionally certified collective action. All information regarding the potential opt-in plaintiffs must be delivered to counsel for Plaintiff by no later than thirty (30) days after the date of this Memorandum Opinion and Order.

(3) As the City has not made any objection to the content of the notice to the class of

potential opt-in plaintiffs conditionally certified proposed by Cremeens, it is hereby ORDERED that the proposed notice is APPROVED.

(4) Counsel for Plaintiff is hereby AUTHORIZED to issue notice to all present and former Arson Investigators who worked for the City of Montgomery within the three year period prior to the filing of this lawsuit informing them of their rights to participate in this action as opt-in plaintiffs.

(5) Plaintiff is hereby required to file all Consents to Become Party Plaintiffs in this lawsuit by no later than **May 15, 2009**.

(6) The parties are advised that any motions relating to requests that the collective action be decertified must be filed by the deadline provided in the Uniform Scheduling Order for dispositive motions.

DONE this the 11th day of March, 2009.

_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE