IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARY CREMEENS,            )
                                         )
        PLAINTIFF,        )
                                         )
v.                            )   CASE NO.  2:08-cv-546-MEF
                                       )
CITY OF MONTGOMERY,   )      (WO)
                                       )
        DEFENDANT.     )

## ORDER

This cause is before the Court on the Motion to Set Trial (Doc. # 64) filed on June 3, 2010 by Plaintiff Gary Cremeens.  The Court has carefully considered all written submissions in support of and in opposition to this motion, along with the arguments articulated by counsel in the telephonic hearing in this case on June 14, 2010.  For the reasons that follow, it is hereby ORDERED that the motion is GRANTED in part and DENIED in part.  To the extent that the motion seeks a trial setting in September of 2010, the Court DENIES the motion as that term of court no longer exists.  To the extent that Plaintiff asks that the case be set in the next available term of court, it is GRANTED over Defendant's objection and request for a later trial setting so that it may reopen discovery and dispositive motions.

This case was filed in July of 2008.  On September 9, 2008, the Court entered a Uniform Scheduling Order which set a number of deadlines for the case including a July 10, 2009 deadline for all dispositive motions and a September 25, 2009 deadline for completion of discovery.  On July 10, 2009, Defendant City of Montgomery filed a motion for summary

judgment.  The City of Montgomery, like any party appearing in this Court, was free to make

any and all potentially dispositive arguments, including arguments made in the alternative.

The City of Montgomery elected to assert some arguments and not others in this motion.

Similarly, it elected to conduct certain discovery and apparently not other discovery.   On

October 7, 2009, after the close of discovery in this matter, the Court granted the City of

Montgomery's motion for summary judgment.  Plaintiff successfully appealed this adverse

ruling.

      Having lost on its initial theory of the case, the City of Montgomery now wishes to

reopen discovery and file a new dispositive motion taking a different approach.  Federal Rule

of Civil Procedure 16(b) provides that a schedule, such as the one this Court set by entering

the Uniform Scheduling Order in this case, "shall not be modified except upon a showing of

*good cause*" and by leave of court.  Fed. R. Civ. P. 16(b) (emphasis added).  This means that

the City of Montgomery must show good cause exists for its untimely attempt to reopen

discovery and dispositive motion practice.  *See Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417,

1419 (11th Cir. 1998).  The Court is not satisfied that the City of Montgomery has made a

showing of good cause for the amendments to the scheduling order deadlines it seeks.  It

appears to the Court that the City of Montgomery had or should have had all the information

it needed to seek summary judgment on other grounds prior to the deadline for dispositive

motions.   Moreover, the City of Montgomery has utterly failed to explain its failure to

conduct whatever discovery it would now seek, or even to articulate what that discovery is.

Importantly, the City of Montgomery never asked this Court to extend either the dispositive motion deadline or the discovery deadline prior to the time they passed.  For these reasons, the Court will not allow discovery to be reopened in this case.   Moreover, it will not entertain further motions for summary judgment.  Should the City of Montgomery wish to contend that it is entitled to judgment as a matter of law, it may do so in accordance with the Federal Rules of Civil Procedure at the close of the Plaintiff's case and after it rests.

The Court will enter a separate amended scheduling order in this matter, but the parties can expect that the trial of this cause will be set in the October 25, 2010 term of court as there is no valid reason to delay beyond that term of court.

Done this the 15th day of June, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

3